**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JERRY RITTS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:26-cv-610 |
| v. | ) | |
| | ) | Judge Atchley |
| STATE OF TENNESSEE, SEVIER COUNTY, CORECIVIC, and TDOC, | ) | |
| | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate housed in the Trousdale Turner Correctional Complex ("TTCC"), filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of: (1) a 2018 attack on him by inmates during his Sevier County confinement; (2) an officer's actions during his arrest in 2018; (3) his counsel's actions in 2021 during criminal proceedings against him; and (4) sexual assault incidents in October 2021 and August 2024 during his TTCC confinement. [Doc. 2]. He also filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint [Doc. 2] fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and he is **ASSESSED** the $350.00 civil filing fee. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average

monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period before the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such income exceeds ten dollars ($10.00), until he has paid the full filing fee. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.

This memorandum and order **SHALL** be placed in Plaintiff's institutional file and follow him if he is transferred to a different place of confinement.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial PLRA review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not

raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

Plaintiff first claims that in 2018, while he was confined in the Sevier County Jail, inmates attacked him after correctional officers told them to show Plaintiff "what happens to people that hurt[] children." [Doc. 2 p. 5, 7].

Plaintiff then claims that in or around 2021, during a criminal proceeding against him, his attorney only came to see him two times and told his wife that he should take a deal and would spend 96 years in prison if he did not, which a judge also told Plaintiff. [*Id.*]. But according to Plaintiff, his attorney did not call any witnesses on his behalf or investigate where Plaintiff was during the incidents underlying the charges, even though Plaintiff has "times and dates" to show where he was. [*Id.*]. Plaintiff asserts that this amounted to coercion that led him to accept a plea deal. [*Id.* at 8].

Plaintiff next states that on June 28, 2018, a detective came to his house, repeatedly refused to leave when asked, told Plaintiff what "young boys" had said about Plaintiff, handcuffed Plaintiff, "smacked" Plaintiff's head against the top of the patrol car, got upset about what Plaintiff told him in the subsequent interview, told Plaintiff to say what the detective wanted to hear or the detective would make Plaintiff and his family's "life a living hell," and smacked his gun on the table. [*Id.*]. Plaintiff classifies this as coercion that also led to him taking the plea deal. [*Id.* at 8].

Plaintiff additionally claims that in October 2021, while he was incarcerated in TTCC, two inmates, including his cellmate who was known to be Aryan nation, tried to rape him. [*Id.* at 9].

Plaintiff further asserts that in August 2024, while he was incarcerated in TTCC, a prison official sexually assaulted him. [*Id.*]. Plaintiff told Defendant CoreCivic about this incident, but "[t]hey said . . . it was unfounded" [*Id.*].

Plaintiff has sued the State of Tennessee, Sevier County, CoreCivic, and TDOC. [*Id.* at 1, 2]. As relief, Plaintiff requests that the Court require Defendants "[t]o build and pay for all things that deal with a home for 10 people," "buy the land down to me[tal] rights," "[b]uy a new car or truck for each person in [his] family," and to "pay 9,999.99 a month until [his] great great grandchildren graduate college." [*Id.* at 6].

### C. Analysis

#### 1. State of Tennessee and TDOC

First, neither the TDOC nor the State of Tennessee is an entity subject to suit under § 1983. *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983"). Accordingly, the complaint fails to state a claim upon which relief may be granted as to these Defendants, and they are **DISMISSED**.

#### 2. CoreCivic

For the complaint to state a § 1983 claim against Defendant CoreCivic, it must include facts from which the Court can plausibly infer that this entity's custom or policy caused a violation of Plaintiff's constitutional rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (a plaintiff seeking to hold a private entity liable under § 1983 must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his

rights) (citation omitted). As nothing in the complaint suggests that a custom or policy of CoreCivic caused a violation of Plaintiff's constitutional rights, this Defendant is **DISMISSED**.

### 3. Sevier County

Plaintiff has also sued Defendant Sevier County. This municipality may be liable under § 1983 only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Nothing in the complaint plausibly alleges that any custom or policy of Defendant Sevier County caused a violation of Plaintiff's constitutional rights. As such, this municipality is **DISMISSED**.

### 4. Statute of Limitations

Additionally, it is apparent from the face of the complaint that Plaintiff's claims are time-barred. District courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

Federal law governs when the statute of limitations begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). The Sixth Circuit has stated that, in determining when the statute of limitations begins to run, courts look to "what event should have alerted the typical lay person to protect his or her rights." *Dibrell v. Rex*, No. 25-5334, 2025 WL 3285587, at *3 (6th Cir. Nov. 25, 2025) (citing *Beaver St. Invs., LLC v. Summit County*, 65 F.4th 822, 826 (6th Cir. 2023)).

"Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F. 3d 552, 561 (6th Cir. 2000). A district court appropriately dismisses claims that are time-barred at

screening. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) (affirming district court's dismissal of time-barred claims at screening); *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (affirming district court's dismissal of claims as time barred at screening and stating that, "[i]f a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*") (citation omitted); *Castillo v. Grogan,* 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate" (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995))).

Plaintiff's claims arise out of incidents in 2018, 2021, and 2024, and the most recent event underlying Plaintiff's complaint occurred in August 2024. [*Id.* at 5, 6–9]. But Plaintiff did not file his complaint until August 7, 2026. [*Id.* at 6]. Accordingly, Plaintiff's claims are also subject to dismissal as time-barred.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, and it is therefore **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**